FINGER v. TAYLOR ET AL.

[71 South. 269.]

JUDICIAL SALES. *Sale under deed of trust.*

> Where a trustee, under a deed of trust covering the land involved,
> was also the receiver of defendant's business and property in
> the United States district court, was permitted to sell the prop-
> erty under the terms of the deed of trust and report the sale
> back to that court, and accordingly in compliance with the
> terms of the trust deed sold it and executed to complainant, the
> purchaser, a trustee's deed conveying whatever title he had as
> trustee, which sale was reported to the federal court and con-
> firmed, this was simply a sale by the trustee of the deed of
> trust, by permission of the federal court, and neither its per-
> mission nor its confirmation made it a "judicial sale" and the
> purchaser had to rely alone upon the strength of the trustee's
> title in the deed of trust and not upon the mere sanction given
> to the sale by the federal court.

APPEAL from the chancery court of Alcorn county.

HON. J. Q. ROBBINS, Chancellor.

Bill by S. S. Finger against Mrs. Della Taylor and others. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Thos. Spight, Thos. E. Pegram,* and *G. G. Lyell,* for appellant.

*W. H. Kier, T. D. Young* and *W. D. Anderson,* for appellees.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the chancery court of Alcorn county. The appellant, S. S. Finger, filed his bill in the lower court and obtained an injunction against a sale un-

der execution of certain land that was levied upon under a judgment in favor of appellee Mrs. Della Taylor. Appellant claimed that he had a good title to said land under a trustee's deed. The chancellor decreed that appellant's alleged title under the trustee's deed was invalid, because the deed of trust under which the sale of the land was made was never delivered; the injunction was dissolved and the bill dismissed, hence this appeal. The appellant urges here that as a matter of fact the deed of trust in question was delivered, and that the trustee's deed is valid. Appellant also contends that if the deed of trust was not delivered and the trustee's deed was thereby void, still, he should prevail, because the sale under the deed of trust was a judicial sale, and that appellant in good faith bought the land, paying for same, and holding it for two years thereafter, and such sale was "a sale by a chancery court," and that he is protected as purchaser by section 3122, Code of 1906.

The contention of appellant that the sale under the deed of trust was a judicial sale is based upon the following facts in the record, to wit: The deed of trust was executed by J. W. Taylor and the Tishomingo Savings Bank covering the land here involved, and the business and property of these parties went into the hands of a receiver, J. M. Boone, in the circuit court of the United States for the Northern District of Mississippi, and while such receivership was pending the equity side of said court granted permission to the said J. M. Boone, trustee in the said deed of trust, who incidentally was also the receiver in the proceedings in that court, to sell the property here in question under the terms of the said deed of trust, and report such sale back to that court. The trustee in the deed of trust, J. M. Boone, proceeded as trustee, according to the terms of the deed of trust, to sell the land here involved, and did sell it, and executed to the purchaser a trustee's deed, conveying to the purchaser whatever title he had as trustee by virtue of the deed of trust. Upon this trustee's deed the appellant here re-

lies.  When the sale was reported back to the equity side of the federal court it was by the court confirmed.

While this sale by Boone as trustee appears to have some of the earmarks and signs of a judicial sale, we do not think it was a judicial sale, but that it was simply a sale by the trustee in the deed of trust, with the permission or sanction of the federal court.  The purchaser at this sale received such title only as was vested in the trustee by virtue of the deed of trust, and the permission granted by the federal court to the trustee to make the sale did not convert it into a judicial sale, nor did the court's confirmation of this sale by the trustee render it a judicial sale, as the confirmation was unnecessary and may be treated as surplusage.  The fact that J. M. Boone was receiver in the proceedings in the federal court, and was at the same time trustee in the deed of trust, did not make the sale by him as trustee a judicial sale by the court.  In making the sale under the deed of trust, he was acting clearly in the capacity of trustee, and not as receiver; and the appellant must rely upon the strength of the trustee's title in the deed of trust, and not upon the mere sanction given to the sale by the federal court.

Therefore we hold that there was no judicial sale.  There being no judicial sale, it follows that it is unnecessary for us to pass upon the other question as to whether the appellant is protected under section 3122, Code of 1906, and we do not pass upon this question.  There is no merit in the claim of an equitable lien.

The chancellor being warranted by the testimony in deciding that the deed of trust in question was never delivered, and that the trustee's deed was void, we see no reason for disturbing his finding on the facts.

*Affirmed.*